**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| LINDSIE ELAINE ROSSITER, an individual, | |
| Plaintiff, | CASE NO.: |
| v. | **PLAINTIFF DEMANDS TRIAL BY JURY** |
| NUWAVE, LLC., an Illinois Limited Liability Company, | |
| Defendant. | |

_____

## COMPLAINT

Plaintiff, **LINDSIE ELAINE ROSSITER** (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC** and **SOMMERS SCHWARTZ. P.C.**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **NUWAVE, LLC** (hereafter referred to as "Defendant NuWave"), and alleges the following upon personal knowledge and belief, and investigation of counsel:

### NATURE OF THE CASE

1. Defendant NuWave designs, manufactures, markets, imports, distributes and sells consumer kitchen products, including the subject "NuWave 6Q Nutri-Pot 6Q Digital Pressure Cooker," which specifically includes the Model Number 33101 (referred to hereafter as "pressure cooker(s)") that is at issue in this case.

1

2. Defendant touts the "safety"[1] of its pressure cookers, and states that they cannot be opened while in use. Despite Defendant's claims of "safety," they designed, manufactured, marketed, imported, distributed and sold, both directly and through third-party retailers, a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

3. Specifically, said defects manifest themselves when, despite Defendant's statements, the lid of the pressure cooker is removable with built-up pressure, heat and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families and other bystanders. The Plaintiff in this case was able to remove the lid while the pressure cooker retained pressure, causing her serious and substantial bodily injuries and damages including, but not limited to, first and second degree burns to her abdomen, breasts and lower extremities.

4. Defendant knew or should have known of these defects, but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

5. Defendant ignored and/or concealed its knowledge of these defects in its pressure cookers from the Plaintiff in this case, as well as the public in general, in order to continue generating a profit from the sale of said pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her.

---

[1] *See*, e.g. NuWave Nutri-Pot® 6Q Digital Pressure Cooker Owner's manual, pgs. 3, 13, 14, 15. A copy of the Owner's manual is attached hereto as "Exhibit A".

6.      As a direct and proximate result of Defendant NuWave's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, lost wages, physical pain, mental anguish, and diminished enjoyment of life.

### PLAINTIFF LINDSIE ELAINE ROSSITER

7.      Plaintiff is a resident and citizen of the city of Irons, County of Lake, State of Michigan.

8.      Plaintiff purchased the pressure cooker in or around November 2017.

9.      On or about August 20, 2021, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cooker's supposed "Sure-Lock® Safety System,"[2] which purports to keep the consumer safe while using the pressure cooker. In addition, the incident occurred as the result of Defendant's failure to redesign the pressure cooker, despite the existence of economical, safer alternative designs.

### DEFENDANT NUWAVE, LLC.

10.     Defendant NuWave designs, manufactures, markets, imports, distributes and sells a variety of consumer kitchen products including pressure cookers, juicers, coffee makers, and air-fryers, amongst others.

11.     Defendant NuWave boasts that "the Nutri-Pot can easily prepare virtually any meal you can imagine"[3] with the "philosophy" that it is "driven by the pursuit of safe, environmentally

---

[2] *Id.* at pgs. 13 - 15.
[3] https://www.nuwavenow.com/NuWaveNutriPot?rx=1&ref_version=DIRECT&TM=1569510313184 (last accessed July 23, 2021)

3

friendly products that can improve the quality of life" and "committed to creating superior products that are affordable and make day-to-day life easier and healthier." [4]

12.     Defendant NuWave is an Illinois limited liability company, with a principal place of business is located at 1795 Butterfield Road, Libertyville, Illinois 60048. At the time of Plaintiff's injuries, Defendant's sole member was Mr. Jung S. Moon. Mr. was and is a citizen of the State of Illinois, with an address of 4708 Royal Melbourne Drive, Long Grove, Illinois 60047. At the time of Plaintiff's injuries, Mr. Moon operated out of Defendant's principal place of business at 1795 Butterfield Road, Libertyville, Illinois 60048. Defendant may be served with process by serving its Registered Agent, Mr. Hunsu Son, whose principal place of business is located at 1190 S. Elmhurst Road, Suite 203, Mount Prospect, Illinois 60056.

## JURISDICTION AND VENUE

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 all or a substantial part of the events or omissions giving rise to this claim occurred in this district.

14.     This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

## FACTUAL BACKGROUND

15.     Defendant NuWave is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the pressure cookers at issue in this litigation.

---

[4] https://nuwavenow.com/AboutUs?ref_version=DIRECT (last accessed July 23, 2021)

16. Defendant NuWave aggressively warrants, markets, advertises and sell its pressure cookers as "best in class for performance, features & value"[5] allowing consumers to cook "cook delicious meals quickly" and "infuse your meals with flavor".[6]

17. For instance, Defendant NuWave claims that "safety is a core value at NuWave" and that its pressure cookers include "multiple independent safety features."[7]

18. To further propagate its message, Defendant NuWave has, and continues to utilize numerous media outlets including, but not limited to, infomercials, social media websites such as YouTube, and third-party retailers. For example, the following can be found on YouTube entitled "NuWave 8-qt Nutri-Pot Pressure Cooker with Pot, Glass Lid, & Rack on QVC":

   a. "***Safe pressure cooking.*** How simple is this. I'm all about keeping it simple in the kitchen, so what do you do here? You load it with what you're gonna cook; you lock it down, simply enough. ***It's got a great lid on this***. Now this new lid on here gives you a little whistle. ***You know when that lid is open.*** It tells you. You lock it; it has a Sure-Lock System. ***<u>Once this is locked down, it is locked down.</u> You don't have to worry about pressure cooker blowing up or anything like this***." [8]

   b. "Lid goes down. This slides over. ***There's a Sure-Lock button right here in the front – it is locked down***; it's gone back to the warming function."[9]

   c. "It will depressurize on its own, ***taking the fear out of pressure cooking in here***."[10]

19. In a similar video from NuWave's YouTube page entitled "NuWave Cooking Club - Hard Boiled Eggs" spokesperson David Oland boasts that the NuWave Nutri-Pot is "one of the

---

[5]https://www.nuwavenow.com/NuWaveNutriPot?rx=1&ref_version=DIRECT&TM=1569510313184 (last accessed July 23, 2021)
[6] *Id.*
[7]https://www.nuwavenow.com/NuWaveNutriPot?rx=1&ref_version=DIRECT&TM=1569510313184 (last accessed July 23, 2021)
[8] https://www.youtube.com/watch?v=qR31q6hZ_QE at 0:43 – 1:12. (last accessed July 23, 20210)
[9] *Id*. at 3:25 – 3:30.
[10] *Id.* at 6:34 – 6:38.

5

best and safest on the market" and "with our Sure-Lock System, we make sure all of this [pressure] is out; and [the Nutri-Pot has] a couple of really good safety features on this unit; if all the steams not out, you're not opening this unit."[11]

20. According to the Owner's Manual accompanying each individual unit sold, the pressure cookers purport to be designed with a "Sure-Lock® Safety System,"[12] which includes the misleading the consumer into believing that the pressure cookers are reasonably safe for their normal, intended use. Said "Sure-Lock® Safety System" includes, but is not limited to, the following:

   a. **Lid Lock:** The 3-point Lid Lock system locks the lid in place at three independent points. It ensures that the unit will not pressurize unless the lid is completely closed. Once the Nutri-Pot is pressurized the lid will not open.

   b. **Maintaining Pressure:** The Bottom Pressure Switch monitors the cooking chamber and helps keep the unit at the perfect pressure. The Lower Disc is designed to release pressure automatically if the Nutri-Pot ever becomes over-pressurized.

   c. **The Food Blocking Cap:** The Food Blocking Cap ensures that the pressure vents smoothly. It covers the inside of the release valve and prevents foods or liquids from clogging the valve.

21. By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

22. Plaintiff used her pressure cooker for its intended purpose of preparing meals for herself and/or family and did so in a manner that was reasonable and foreseeable by the Defendant NuWave.

---

[11] *Id.* 3:27 – 3:37.
[12] *See* NuWave Nutri-Pot® 6Q Digital Pressure Cooker Owner's manual, pg, 14.

23. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured by Defendant NuWave in that it failed to properly function as to prevent the lid from being removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

24. Defendant NuWave's pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

25. Further, Defendant NuWave's representations about "safety" are not just misleading, they are flatly wrong, and put innocent consumers like Plaintiff directly in harm's way.

26. Economic, safer alternative designs were available that could have prevented the Pressure Cooker's lid from being rotated and opened while pressurized.

27. Defendant NuWave knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant NuWave continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public; continues to advertise its pressure cookers as having a "Sure-Lock® Safety System" despite mounting evidence of the systems failure; and continues to generate a substantial profit from the sale of their pressure cookers, demonstrating a callous, reckless, willful, depraved indifference to the health, safety and welfare of Plaintiff and consumers like her. For example:

   a. The Consumer Products Safety Commission has received several reports of other similar incidents stemming from the failure of the Nutri-Pot and other Power Cooker models with the same supposed "Sure-Lock® Safety System"

7

  b. Several lawsuits have been filed in State and Federal Courts throughout the United States alleging failure of NuWave pressure cookers with the same supposed "Sure-Lock® Safety System" and design defects.

28. As a direct and proximate result of Defendant NuWave's intentional concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries upon Plaintiff's simple removal of the lid of the Pressure Cooker.

29. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant NuWave's pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## **CLAIMS FOR RELIEF**

### **COUNT I**
### **STRICT LIABILITY**

30. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

31. At the time of Plaintiff's injuries, Defendant NuWave's pressure cookers were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

32. Defendant NuWave's pressure cookers were in the same or substantially similar condition as when they left the possession of Defendant NuWave.

33. Plaintiff did not misuse or materially alter the pressure cooker.

34. The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

35. Further, a reasonable person would conclude that the possibility and serious of harm outweighs the burden or cost of making the pressure cookers safe. Specifically:

   a. The pressure cookers designed, manufactured, sold, and supplied by Defendant NuWave were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential burn injuries resulting from the product drastically outweighs any benefit that could be derived from its normal, intended use;

   c. Defendant NuWave failed to properly market, design, manufacture, distribute, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Defendant NuWave failed to warn and place adequate warnings and instructions on the pressure cookers;

   e. Defendant NuWave failed to adequately test the pressure cookers; and

   f. Defendant NuWave failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff' injuries and damages.

36. Defendant NuWave actions and omissions were the direct and proximate cause of the Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant NuWave for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

### COUNT II
### NEGLIGENCE

37. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

38. Defendant NuWave had a duty of reasonable care to design, manufacture, market, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

39. Defendant NuWave failed to exercise ordinary care in the manufacture, sale, warnings, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its pressure cookers in that Defendant NuWave knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

40. Defendant NuWave was negligent in the design, manufacture, advertising, warning, marketing and sale of its pressure cookers in that, among other things, it:

   a. Failed to use due care in designing and manufacturing the pressure cookers to avoid the aforementioned risks to individuals;

   b. Placed an unsafe product into the stream of commerce;

   c. Aggressively over-promoted and marketed its pressure cookers through television, social media, and other advertising outlets; and

   d. Were otherwise careless or negligent.

41. Despite the fact that Defendant NuWave knew or should have known that consumers were able to remove the lid while the Pressure cookers were still pressurized, Defendant NuWave continued to market (and continue to do so) its pressure cookers to the general public.

42. Defendant NuWave's outrageous conduct warrants an award of punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant NuWave for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## COUNT III
## BREACH OF EXPRESS WARRANTY

43. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

44. Defendant NuWave expressly warranted that its pressure cookers were safe and effective to members of the consuming public, including Plaintiff. Moreover, Defendant NuWave

10

expressly warranted that the lid of the Pressure Cooker could not be removed while the unit remained pressurized. For example:

> a. **Lid Lock:** The 3-point Lid Lock system locks the lid in place at three independent points. *It ensures that the unit will not pressurize unless the lid is completely closed. Once the Nutri-Pot is pressurized the lid will not open.*[13]

45. Members of the consuming public, including consumers such as the Plaintiff were the intended third-party beneficiaries of the warranty.

46. Defendant NuWave marketed, promoted and sold its pressure cookers as a safe product, complete with a "Sure-Lock® Safety System."

47. Defendant NuWave's pressure cookers do not conform to this express representation because the lid can be removed using normal force while the units remain pressurized, despite the appearance that the pressure has been released, making the pressure cookers not safe for use by consumers.

48. Defendant NuWave breached its express warranties in one or more of the following ways:

> a. The pressure cookers as designed, manufactured, sold and/or supplied by the Defendant NuWave, were defectively designed and placed into the stream of commerce by Defendant NuWave in a defective and unreasonably dangerous condition;
>
> b. Defendant NuWave failed to warn and/or place adequate warnings and instructions on their pressure cookers;
>
> c. Defendant NuWave failed to adequately test its pressure cookers; and
>
> d. Defendant NuWave failed to provide timely and adequate post-marketing warnings and instructions after they knew the risk of injury from their pressure cookers.

---

[13] *Id.*

11

49. The Plaintiff in this case and/or her family purchased and used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

50. Plaintiff's injuries were the direct and proximate result of Defendant NuWave's breach of its express warranties.

**WHEREFORE**, Plaintiff demands judgment against Defendant NuWave for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## COUNT IV
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

51. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

52. Defendant NuWave manufactured, supplied, and sold their pressure cookers with an implied warranty that they were fit for the particular purpose of cooking quickly, efficiently and safely.

53. Specifically, Defendant NuWave marketed, promoted and sold its pressure cookers as a safe product, complete with a "Sure-Lock® Safety System."

54. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

55. Defendant NuWave's pressure cookers were not fit for the particular purpose as a safe means of cooking, due to the unreasonable risks of bodily injury associated with their use as described herein in this Complaint.

56. The Plaintiff in this case reasonably relied on Defendant NuWave's representations that its pressure cookers were a quick, effective and safe means of cooking, and relied on Defendant NuWave's representations regarding its "Sure-Lock® Safety System."

57. Defendant NuWave's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant NuWave for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

### COUNT V
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

58. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

59. At the time Defendant NuWave marketed, distributed and sold their pressure cookers to the Plaintiff in this case, Defendant NuWave warranted that its pressure cookers were merchantable and fit for the ordinary purposes for which they were intended.

60. Specifically, Defendant NuWave marketed, promoted and sold its pressure cookers as a safe product, complete with a "Sure-Lock® Safety System."

61. Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

62. Defendant NuWave's pressure cookers were not merchantable and fit for their ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

63. The Plaintiff in this case purchased and used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any

kind, and that it was safe for its intended, foreseeable use of cooking, and relied on Defendant NuWave's representations regarding its "Sure-Lock® Safety System."

64. Defendant NuWave's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant NuWave for damages, together with interest, costs of suit and all such other relief as the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant NuWave for damages, to which she is entitled by law, as well as all costs of this action, to the full extent of the law, whether arising under the common law and/or statutory law, including:

   a. judgment for Plaintiff and against Defendant NuWave;

   b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant NuWave's pressure cookers;

   c. pre and post judgment interest at the lawful rate;

   d. a trial by jury on all issues of the case;

   e. an award of attorneys' fees; and

   f. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

Respectfully submitted,

**SOMMERS SCHWARTZ, P.C.**

Date: August 19, 2021

*/s/ Jason J. Thompson*
Jason Thompson, Esq. (# P47184)
One Towne Square, 17 Floor
Southfield, MI 48076
(248) 415-3206
jthompson@sommerspc.com

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.  (MN ID #0397289)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
(612) 436-1800
akress@johnsonbecker.com

*Attorneys for Plaintiff*